

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, Third Floor*
*New York, New York 10007*

November 16, 2018

**By Facsimile (212) 805-6382**
The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDC NY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/18

Re: *Vullo v. Office of the Comptroller of the Currency*, 18 Civ. 8377 (VM)

Dear Judge Marrero:

This Office represents defendants the Office of the Comptroller of the Currency and Joseph M. Otting, United States Comptroller of the Currency (together, "OCC" or "defendants") in the above-referenced action, in which OCC's deadline to answer or otherwise respond to the Complaint is presently Friday, November 23, 2018. We write respectfully, and in lieu of the exchange of letters contemplated by Rule II.B of Your Honor's Individual Rules of Practice, to request that the Court stay OCC's response deadline and either (i) endorse the parties' proposed briefing schedule for OCC's anticipated motion to dismiss the Complaint; or (ii) schedule a pre-motion conference concerning OCC's anticipated motion.

Counsel for plaintiff Maria T. Vullo, Superintendent of the New York State Department of Financial Services ("DFS"), consents to OCC's request that the Court stay the November 23 deadline and either enter the proposed briefing schedule or schedule a pre-motion conference. However, it disputes the grounds for OCC's anticipated motion and intends to submit its own letter setting forth its position on the issues discussed below.

By way of background, DFS brings this action to challenge OCC's decision to accept applications for "Special Purpose National Bank Charters" (or "fintech charters"), pursuant to 12 C.F.R. § 5.20(e)(1), from institutions that conduct non-fiduciary activities and do not accept deposits. *See* Compl. (ECF No. 1) ¶¶ 21-42. DFS alleges that the issuance of such charters would undermine New York State's ability to regulate its financial markets. *See id.* ¶¶ 43-51. It claims that: (i) OCC's issuance of fintech charters would exceed OCC's regulatory authority as established by the National Bank Act ("NBA"); (ii) 12 C.F.R. § 5.20(e)(1) is "null and void" because it does not comport with the NBA; and (iii) OCC's issuance of fintech charters would violate the Tenth Amendment to the Constitution by removing institutions that receive such charters from the ambit of state regulation. *See id.* ¶¶ 55-68.

DFS advanced substantially the same arguments against OCC's potential issuance of fintech charters in a prior lawsuit, *Vullo v. Office of the Comptroller of the Currency et al.*, No. 17 Civ. 3574 (NRB) ("*Vullo I*"), which was assigned to Judge Buchwald. *See* Compl. ¶¶ 52-54. There, OCC moved to dismiss the Complaint on the grounds that (i) DFS lacked standing to assert its claims, because OCC had not made any final decision to entertain applications for fintech charters pursuant to § 5.20(e)(1), let alone issued such charters, and New York therefore had not suffered an injury in fact; (ii) both the language of § 5.20(e)(1) and OCC's potential issuance of fintech charters pursuant to that regulation reflect OCC's reasonable interpretation of its statutory authority under the NBA to regulate "the business of banking"; and (iii) any issuance of fintech charters would not run afoul of the Tenth Amendment because the Supremacy Clause operates in concert with the NBA to displace state laws that conflict with federal law, or that prevent or significantly interfere with national bank powers. In an order dated December 12, 2017, Judge Buchwald dismissed DFS's Complaint without prejudice, holding that DFS lacked standing to assert its claims and, moreover, that those claims were not prudentially ripe. (No. 17 Civ. 3574, ECF No. 30).

OCC intends to move to dismiss the instant Complaint on essentially the same grounds it advanced in *Vullo I*. First, DFS continues to lack standing to bring its claims because it has not "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Specifically, although OCC has determined that it will accept applications for fintech charters, it has not actually received any such applications, let alone granted one. Any harms DFS can articulate are therefore future-oriented and speculative. Second, OCC's interpretation of the ambiguous term "business of banking" in the NBA, 12 U.S.C. § 24 (Seventh), and of its regulatory authority to issue fintech charters under the regulation, is reasonable. *See, e.g., Cuomo v. Clearing House*, 557 U.S. 519, 525 (2009) (OCC's interpretation of terms in the NBA is entitled to *Chevron* deference); 12 U.S.C. §§ 21, 26, 27(b)(1), 24 (Seventh), 27(a), 81 (using the term "business of banking," or similar terms, but not defining it); *see also NationsBank of North Carolina, N.A. v. Variable Annuity Life Insurance Co.*, 513 U.S. 251, 257, 258 n.2 (1995) (deferring to OCC's interpretation that the phrase "incidental powers . . . necessary to carry on the business of banking" is an independent grant of authority providing agency with "discretion to authorize activities beyond those specifically enumerated"). Third, any challenge to § 5.20(e)(1) is time-barred by the statute of limitations applicable to civil actions against federal agencies. *See* 28 U.S.C. § 2401(a) (civil actions against the United States must be "filed within six years after the right of action first accrues"); 68 Fed. Reg. 70122 (Dec. 17, 2003) (Final Rule adopting amendments to § 5.20(e)(1) became effective on January 16, 2004, more than six years before DFS filed its complaint). Finally, the issuance of fintech charters pursuant to § 5.20(e)(1) would not run afoul of the Tenth Amendment because, taken together, the Supremacy Clause and the NBA entrust banking regulation, in the first instance, to the federal government. *See Barnett Bank of Marion County v. Nelson*, 517 U.S. 25 (1996); *see also Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 22 (2007) ("If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States," and "[r]egulation of national bank operations is a prerogative of Congress[.]").

OCC is aware of Rule II.B of Your Honor's Individual Rules of Practice, which contemplates the exchange of letters between the parties, with copies to the Court, prior to the filing of any motion to dismiss. Respectfully, however, because OCC's anticipated motion

2

involves issues about which the parties have previously conferred without resolution, we believe that this letter, along with DFS's forthcoming letter, is sufficient to present the relevant issues to the Court in advance of OCC's anticipated motion.

Accordingly, OCC respectfully requests that the Court stay OCC's present November 23 deadline for responding to the Complaint, and endorse the following schedule for briefing on OCC's motion to dismiss: (i) OCC's motion due by Tuesday, December 11, 2018; (ii) DFS's opposition due by Tuesday, January 15, 2019; and (iii) OCC's reply due by Friday, January 25, 2019. In the alternative, we request that OCC's response deadline be stayed and that the Court schedule the parties to appear for a pre-motion conference. Finally, in the event the Court prefers to have the parties exchange letters pursuant to Individual Practice Rule II.B, we respectfully request that OCC's response deadline by stayed to allow the parties time to do so promptly.

We thank the Court for its consideration of this letter.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By:  /s/ Christopher Connolly
      CHRISTOPHER CONNOLLY
      Assistant United States Attorney
      Tel.: (212) 637-2761
      Fax: (212) 637-2786
      E-mail: christopher.connolly@usdoj.gov

cc: *Plaintiff's counsel* (by e-mail)

---

*Plaintiff* [ ] directed to respond by 11-26-18, by letter not to exceed three pages, to the matter set forth above by defendants.

SO ORDERED.

11-19-18
DATE    VICTOR MARRERO, U.S.D.J.

3