```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LINDA A. LACEWELL, in her official  :
capacity as Superintendent          :
of the New York State Department    :
of Financial Services,              :
                                    :
                         Plaintiff, :   18 Civ. 8377 (VM)
                                    :
       - against -                  :   **DECISION AND ORDER**
                                    :
OFFICE OF THE COMPTROLLER OF THE    :
CURRENCY, and JOSEPH M. OTTING,     :
in his official capacity as         :
U.S. Comptroller of the Currency,   :
                                    :
                        Defendants. :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

By order dated May 2, 2019, the Court denied the motion of defendants Office of the Comptroller of the Currency and Joseph M. Otting, in his official capacity as United States Comptroller of the Currency (together, "OCC"), to dismiss the Administrative Procedure Act ("APA") challenge to 5 C.F.R. Section 5.20(e)(1)(i) (the "Regulation") brought by plaintiff Maria T. Vullo, in her official capacity as Superintendent of the New York State Department of Financial Services ("DFS").[1] See Vullo v. Office of Comptroller of Currency, 378 F. Supp. 3d 271, 300 (S.D.N.Y. 2019).[2] In response to the Court's

---

[1] Maria T. Vullo has since been succeeded as Superintendent by Linda A. Lacewell, and the case caption has changed accordingly pursuant to Federal Rule of Civil Procedure 25(d). (See Dkt. Nos. 32; 35.)
[2] The Court granted OCC's motion to dismiss with respect to DFS's claim alleging a violation of the Tenth Amendment to the United States Constitution. See Vullo, 378 F. Supp. 3d at 300.

1

directive to confer and submit a case management plan, the parties negotiated a stipulated final judgment in DFS's favor, submitted competing versions on October 7, 2019, and now ask the Court to decide which to endorse. (See "DFS Proposal," Dkt. No. 40; "OCC Proposal," Dkt. No. 41.)

The two proposals are nearly identical. Both (1) direct the Clerk of Court to enter final judgment in favor of plaintiff DFS and close the case, and (2) provide that each party shall bear its own fees and costs. (See OCC Proposal at 7; DFS Proposal at 5.) However, where DFS proposes that the Regulation be "set aside with respect to all fintech applicants seeking a national bank charter that do not accept deposits" (DFS Proposal at 5), OCC proposes that the Regulation be set aside more narrowly: only "with respect to all fintech applicants seeking a national bank charter that do not accept deposits, and that have a nexus to New York State, i.e., applicants that are chartered in New York or that intend to do business in New York (including through the Internet) in a manner that would subject them to regulation by DFS." (OCC Proposal at 7.) OCC justifies this proposed limitation with a lengthy argument about the propriety of nationwide injunctions. (See id. at 2-5.)

Here, however, the Court is not providing injunctive relief of any kind, nationwide or otherwise. Rather, having

2

previously held that DFS (1) has standing and (2) states an APA claim, see Vullo, 378 F. Supp. 3d at 289, 298, the Court now grants judgment -- at the parties' request -- on that claim in DFS's favor. Hence vacatur of the Regulation with respect to non-depository institutions is the corresponding remedy the APA prescribes. The Court finds that OCC has failed to identify a persuasive reason to deviate from ordinary administrative law procedure on this score. See, e.g., Am. Biosci., Inc. v. Thompson, 269 F.3d 1077, 1084 (D.C. Cir. 2001) ("If an appellant has standing . . . and prevails on its APA claim, it is entitled to relief under that statute, which normally will be a vacatur of the agency's order.").

For the foregoing reasons, it is hereby

**ORDERED** that the proposed final judgment (Dkt. No. 40) submitted by Linda A. Lacewell, in her official capacity as Superintendent of the New York State Department of Financial Services, is **ADOPTED**. A final judgment will be endorsed and docketed separately.

**SO ORDERED.**

Dated:   New York, New York
         21 October 2019

                                        Victor Marrero
                                           U.S.D.J.

3