USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/19

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LINDA A. LACEWELL, in her official capacity as
Superintendent of the New York State Department
of Financial Services,

                Plaintiff,

- against -

OFFICE OF THE COMPTROLLER OF THE
CURRENCY and JOSEPH M. OTTING, in his
official capacity as U.S. Comptroller of the
Currency,

                Defendants.
----------------------------------------------------------X

18 Civ. 8377

## AMENDED FINAL JUDGMENT

WHEREAS, on September 14, 2018, plaintiff the Superintendent of the New York State Department of Financial Services ("DFS")[1] commenced this action against defendants the Office of the Comptroller of the Currency and Comptroller Joseph M. Otting (together, "OCC"), challenging OCC's decision to accept applications for special-purpose national bank charters from financial technology (or "fintech") companies, including fintech companies that do not accept deposits;

WHEREAS, on February 26, 2019, OCC moved to dismiss DFS's Complaint (ECF Nos. 20-22); on March 19, 2019, DFS opposed the motion to dismiss (ECF No. 25); and on March 26, 2019, OCC filed a reply brief in support of its motion (ECF No. 26);

---

[1] On May 31, 2019, in accordance with Federal Rule of Civil Procedure 25(d), Superintendent of DFS Linda A. Lacewell was substituted as the plaintiff in this matter. (ECF No. 31).

WHEREAS, in a decision and order dated May 2, 2019 (ECF No. 28), this Court denied OCC's motion to dismiss in part, holding that the National Bank Act's "'business of banking' clause, read in the light of its plain language, history, and legislative context, unambiguously requires that, absent a statutory provision to the contrary, only depository institutions are eligible to receive national bank charters from OCC";

WHEREAS, the parties have conferred and agree that the Court's May 2, 2019, order resolves the substantive legal issues in this matter and renders the entry of final judgment appropriate; and

WHEREAS, notwithstanding its agreement that entry of final judgment is appropriate at this time, OCC expressly reserves its appellate rights in this matter;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For the reasons set forth in the Court's May 2, 2019, order, the Clerk of the Court is directed to enter final judgment in favor of plaintiff DFS, and to close this case;

2. OCC's regulation, 5 C.F.R. § 5.20(e)(l)(i), is set aside with respect to all fintech applicants seeking a national bank charter that do not accept deposits;

3. Each party shall bear its own fees and costs in this action.

Dated: New York, New York
23 October 2019

SO ORDERED.

HON. VICTOR MARRERO
United States District Judge